IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

IN RE: HERMAN L. FAIRLEY
        Debtor                                BANKRUPTCY CASE NO. 13-52526-KMS
                                              ADVERSARY. PRO. NO. 14-05006-KMS

KIMBERLY R. LENTZ, *as Chapter 7*                                        PLAINTIFF
*Trustee for the Estate of Herman L.*
*Fairley*

v.                                            CAUSE NO. 1:15CV144-LG-RHW

MORGAN DREXEN, INC.; WALTER J.
LEDDA; and TAMI L. MUNSCH                                               DEFENDANTS

## ORDER ADOPTING PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND AFFIRMING GRANT OF SUMMARY JUDGMENT BY THE UNITED STATES BANKRUPTCY COURT

BEFORE THE COURT is the [1-2] Proposed Findings of Fact and

Conclusions of Law in Support of Defendants' Motion for Summary Judgment by

the United States Bankruptcy Court for the Southern District of Mississippi, which

were entered in the above-referenced adversary proceeding on March 31, 2015.  The

adversary proceeding concerns the legal representation of Herman L. Fairley, who

filed for bankruptcy in 2013.  Plaintiff Kimberly R. Lentz, as Chapter 7 Trustee for

the Estate of Mr. Fairley, objected to the Findings of Fact and Conclusions of Law

pursuant to Federal Rule of Bankruptcy Procedure 9033.  Specifically, Lentz argues

that the bankruptcy judge erred in granting Defendant Tami L. Munsch's Motion

for Summary Judgment as to Plaintiff's "claim for breach of fiduciary duty and

related discovery."  (Pl's. Obj. 1, ECF No. 1-4).

Having conducted the required *de novo* review, the Court is of the opinion that there are no genuine issues of material fact with respect to Plaintiff's breach of fiduciary duty claim against Munsch.  Accordingly, the Court adopts the Findings of Fact and Conclusion of Law entered by the bankruptcy judge and affirms the grant of summary judgment in favor of all Defendants.

## BACKGROUND

On February 3, 2014, Plaintiff, in her capacity as Chapter 7 Trustee for the Estate of Herman L. Fairley, brought an adversary proceeding against Defendants in the United States Bankruptcy Court for the Southern District of Mississippi. Plaintiff claims that Defendants "collectively operate a debt relief/legal services scheme wherein they prey on desperate consumers despite their duty to serve these consumers/clients." (Compl. 3 (¶18), *Lentz v. Morgan Drexen, Inc. et al.*, No. 14-05006-KMS (Bankr. S.D. Miss. Feb. 3, 2014), ECF No. 1).  According to Plaintiff, prior to filing for bankruptcy, Defendants promised to provide certain debt relief services to Fairley in exchange for monthly payments, but failed to do so.  Plaintiff's Complaint alleged claims for turnover of estate property accounting, bankruptcy claims under 11 U.S.C. §§ 329 and 526, and claims pursuant to Mississippi state law for breach of fiduciary duty and unjust enrichment.

On December 1, 2014, Defendants moved for summary judgment, including as to the state law claims.  On March 31, 2015, the bankruptcy judge entered Proposed Findings of Fact and Conclusions of Law recommending to this Court that summary judgment be granted in favor of Defendants on the state law claims.  On

April 10, 2015, Plaintiff filed her Objections to the Findings of Fact and Conclusions of Law. Plaintiff does not object to the bankruptcy judge's factual findings or challenge the grant of summary judgment in favor of all Defendants on her unjust enrichment claim or in favor of Defendants Morgan Drexen, Inc. and Walter J. Ledda on the breach of fiduciary duty claim. The only portion of the Findings of Fact and Conclusions of Law with which she takes issue is the bankruptcy judge's conclusion that there was no genuine issue of material fact with respect to the claim for breach of fiduciary duty and related discovery against Munsch.

## THE LEGAL STANDARD

This Court reviews proposed findings of fact and conclusions of law by a bankruptcy judge *de novo* with respect to "any portion of the bankruptcy judge's findings of fact or conclusions of law to which specific written objection has been made . . . ." Fed. R. Bankr. P. 9033. In doing so, the Court "may accept, reject, or modify the proposed findings of fact or conclusions of law, receive further evidence, or recommit the matter to the bankruptcy judge with instructions." *Id.*

In conducting its *de novo* review, the Court applies the summary judgment standard of Federal Rule of Civil Procedure 56, made applicable to bankruptcy adversary proceedings through Federal Rule of Bankruptcy Procedure 7056. A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In reviewing a motion for summary judgment, the Court views the evidence in the light most favorable to the non-

movant.  *Abarca v. Metro. Transit Auth.*, 404 F.3d 938, 940 (5th Cir. 2005).  The

movant bears the initial burden of identifying those portions of the pleadings and

discovery on file, together with any affidavits, which she believes demonstrate the

absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317,

323-25 (1986).  If the movant carries this burden, the burden shifts to the non-

movant to show that summary judgment should not be granted.  *Id.*

**DISCUSSION**

The parties do not dispute that Munsch and Fairley were in an attorney-

client relationship and that, as his attorney, Munsch owed Fairley fiduciary duties

"of confidentiality and of candor and disclosure."  *See Singleton v. Stegall*, 580 So.

2d 1242, 1245 (Miss. 1991).  Plaintiff thus had to establish (1) the acts constituting

a violation of Munsch's fiduciary duty; (2) that the breach of fiduciary duty caused

Fairley an injury; and (3) the fact and extent of the injury.  *See Crist v. Loyacono*, 65

So. 3d 837, 842-43 (Miss. 2011).

Plaintiff claims that "[a] genuine issue of material fact exists regarding a

breach of fiduciary duty by Munsch, based upon, *inter alia*, Fairley's testimony that

he never spoke to Munsch and did not receive the advice and counseling promised in

the [applicable legal services] contract despite paying her $1,530.00."  (Pl's. Obj. 1,

ECF No. 1-4).  Fairley's testimony that he did not receive the advice and counseling

promised him was based on the undisputed fact that he never personally spoke to

Munsch, and it is on this fact that Plaintiff hinges her objection.

4

The bankruptcy judge found that, while Munsch never personally spoke with

Fairley, "[i]t is undisputed that Morgan Drexen and attorney Samuel Tucker,[1] while

operating under Munsch's supervision, provided Fairley with all of the pre-petition

services he was entitled to under his contract with Munsch prior to her termination

of her services."  (Findings of Fact and Conclusions of Law 12, ECF No. 1-2).

Plaintiff objects to this finding based on the language of the applicable Bankruptcy

Fee Agreement, which states, in pertinent part:

> The law firm of Tami Munsch . . . shall provide Client with the
> following services:
>
> c.      Counsel you on the appropriateness of and planning for the
>         filing of a petition[;] provide advice as to jurisdictional amount
>         eligibility, prior or concurrentness, eligibility for discharge,
>         median income test, means test, consumer/business percentages,
>         . . . , tax return and tax filing requirements, asset valuation and
>         protection, analysis of equities, debts, exemptions, contacts [sic],
>         leases, accounts receivable, co-debtor obligations, intentions
>         with regard to collateral, reaffirmation, roles of the Court,
>         trustees and United States Trustee, issues related to [various
>         Bankruptcy Code provisions]; . . . counseling you regarding
>         preservation or surrender of estate assets . . . .
>
> . . .
>
> You understand and agree that the Attorneys may utilize the services
> of Morgan Drexen, Inc., an outside company that is not a law firm, to
> assist the Attorneys in performing non-legal services under this
> Agreement.  You hereby consent to such utilization, including any
> necessary disclosure of confidential information to Morgan Drexen,
> Inc.  The Attorneys utilize Morgan Drexen to handle administrative
> matters, which include administrative communications, mailing
> services, routine correspondence with You and Creditors, petition
> preparation based upon your Attorney's instructions, account

---

[1] Munsch associated Tucker as bankruptcy counsel.

updating, and other such non-legal-practice services. You shall expect, and you understand, that most routine non-legal communication regarding issues such as the status of your file, ACH amounts, and the status of your accounts will occur through Morgan Drexen. Another service that Morgan Drexen provides to the Attorney is to gather important information and documents from you. All non-legal questions and correspondence will be handled by paraprofessional administrative support staff at Morgan Drexen. On the other hand, you understand, agree, and expect to address all legal issues directly with the Attorneys and not Morgan Drexen. When you need to discuss an issue of a legal nature or with legal implications, Morgan Drexen will facilitate the scheduling or a meeting or conference with the Attorneys to address those legal needs.

(Bankr. Fee Agmt., *Lentz v. Morgan Drexen, Inc. et al.*, No. 14-05006-KMS (Bankr. S.D. Miss. Feb. 3, 2014), ECF No. 70-2; *see also* Pl's. Obj. 4-9, ECF No. 1-4).

Plaintiff states, based on the above-quoted language, that "Munsch promised to 'counsel' and provide 'advice', but described Morgan Drexen as only providing non-legal services." (*See* Pl's. Obj. 9, ECF No. 1-4). She contends that the Bankruptcy Fee Agreement provides that Fairley should "expect to address all legal issues directly with the Attorneys and not Morgan Drexen[,]" but Fairley never spoke to Munsch or Tucker. (*See id.* at 6, 9). Therefore, she claims that Fairley did not receive the counsel and advice for which he paid because it was not provided directly by an attorney. (*See id.* at 9).

The bankruptcy judge addressed the same argument Plaintiff now makes:

The Trustee appears to take umbrage with the fact that Munsch did not personally perform the duties promised under the Bankruptcy Fee Agreement. . . . But the Trustee cites no authority–nor could the Court locate any authority–to support the position that the contracting attorney must perform all of the promised services herself and cannot outsource any such services to her staff or third parties. Indeed, such a ruling would prohibit attorneys from utilizing paralegal support staff

and associated counsel to perform services for their clients.
(Findings of Fact and Conclusions of Law 12, ECF No. 1-2).  The Court, after a *de novo* review of the relevant evidence, reaches the same conclusion as the bankruptcy judge.

Specifically, the Court is of the opinion that there is no dispute that Munsch directed and supervised her support staff in performing all necessary pre-petition activities, including advising and counseling Fairley regarding filing for bankruptcy and the bankruptcy process.  Plaintiff has never disputed Munsch's affidavit testimony, including that "[u]nder my direction and supervision, my staff provided Mr. Fairley with the required notices regarding bankruptcy and counseling regarding the appropriateness of planning for the filing for bankruptcy." (Munsch Aff., *Lentz v. Morgan Drexen, Inc. et al.*, No. 14-05006-KMS (Bankr. S.D. Miss. Feb. 3, 2014), ECF No. 70-5, at 2 (¶11); *see also id.* (¶¶ 5-6)).  Similarly, she has not objected to the bankruptcy judge's factual finding that Munsch's staff, at Munsch's direction, "provided counseling to Fairley regarding the propriety of filing for bankruptcy." (*See* Findings of Fact and Conclusions of Law 4, ECF No. 1-2).  Her sole argument is that these services should have come directly through Munsch. While the Court certainly believes that it is good practice for an attorney to personally speak with her client, the fact that Munsch did not do so does not amount to a breach of fiduciary duty.  And, as below, Plaintiff offers no authority to show that an attorney breaches a fiduciary duty by not providing advice and counsel directly, but instead opting to act through support staff.

Plaintiff's only argument is that the pre-petition advice and counseling should have come directly from Munsch.  The Court acknowledges that the Bankruptcy Fee Agreement could cause confusion on this point, but this is not a breach of contract case.[2]  Even so, while the Agreement contemplates that non-legal issues will be handled directly by Morgan Drexen, it does not prohibit Munsch from also providing legal services through her support staff under her direction and supervision.  Plaintiff emphasizes the language that Fairley should "expect to address all legal issues directly with the Attorneys . . . ."  But Plaintiff does not claim that there was a specific legal issue which Fairley needed addressed by Munsch directly that was not addressed.[3]

Plaintiff's argument, though unclear, appears to be that the Agreement language about "expecting to address all legal issues directly with the Attorneys" obligated Munsch to directly provide all legal advice and counsel.  Upon review, the Court does not interpret the language that way.  Instead, the Agreement simply states that if there is a legal issue that the Client needs to discuss or address with the Attorney, Morgan Drexen will facilitate the scheduling of a meeting or conference to address those needs.  It does not say that all legal advice and counsel will come directly from Munsch, and not through support staff.  Regardless, there is

---

[2] Indeed, under Mississippi law, a lawyer's fiduciary duties are generally separate from any duties she may owe by virtue of a contractual agreement with her client.  *See, e.g.*, *Singleton*, 580 So. 2d at 1244-45.

[3] Moreover, under the Agreement, the term "Attorneys" refers to Munsch's law firm, and not to Munsch specifically.

no breach of contract claim, and Plaintiff's and Fairley's apparent dissatisfaction by the services rendered simply does not amount to a breach of fiduciary duty.

Accordingly, the Court is of the opinion that Plaintiff Kimberly R. Lentz's objections to the bankruptcy judge's Proposed Findings of Fact and Conclusions of Law are not well-taken.  Because there are no genuine issues of material fact with respect to Plaintiff's breach of fiduciary duty claim against Defendant Tami L. Munsch, the Court finds that the bankruptcy judge's grant of summary judgment in Munsch's favor should be affirmed.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [1-2] Proposed Findings of Fact and Conclusions of Law in Support of Defendants' Motion for Summary Judgment by the United States Bankruptcy Court for the Southern District of Mississippi are **ADOPTED** by this Court, and Plaintiff's objections thereto are **OVERRULED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Bankruptcy Court's grant of summary judgment in favor of Defendants on Plaintiff's state law claims for unjust enrichment and breach of fiduciary duty is **AFFIRMED**.

**SO ORDERED AND ADJUDGED** this the 24th day of July, 2015.

s/ _Louis Guirola, Jr._

LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE